UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HERBERT MERCHANT ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ZENITH ACQUISITION ) | |
| CORPORATION ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Herbert Merchant, by and through his undersigned counsel, Sarah K. Hall, Esquire complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Herbert Merchant, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

### III.  PARTIES

4.      Plaintiff, Herbert Merchant, is an adult natural person residing at 235 Old Mills Road, Talmadge, Maine 04490.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Zenith Acquisition Corporation ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Maine with its principal place of business located at 170 Northpointe Parkway, Suite 300, Amherst, NY 14228.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      During the later part of January, 2010, Plaintiff started to receive calls from Defendant and their agents collecting on an alleged debt owed to First US Bank.

8.      Plaintiff was told by Defendant that they were attempting to collect the balance of approximately $823.53 on this matter.

9. At that time, Plaintiff informed the Defendant that he had retained the services of the law firm of Persels & Associates, LLC to help aid him in the settling of his outstanding debt and that they would need to call their firm directly.

10. Defendant stated that they would not negotiate with Persels and that the Plaintiff would need to work with them personally.

11. On or about January 25, 2010, Persels sent a "cease and desist" letter to the Defendant, informing them in writing that they were representing the Plaintiff and that they needed to stop any further direct contact. **See Exhibit "A" (letter) attached hereto**.

12. This letter went on to state that the Plaintiff's main source of income was Social Security (SSI) and that collection efforts will be futile.

13. Plaintiff offered Defendant and their agents Persels contact information each time they called, however the collection calls from Defendant continued.

14. On or about June 8, 2010, Persels sent a second "cease and desist" letter to the Defendant. **See Exhibit "B" (letter) attached hereto**.

15. Defendant continued to place calls to the Plaintiff looking for payment on this account.

16. On or about July 1, 2010, Plaintiff received a letter from Defendant offering a payment plan the first payment to be paid by July 5, 2010. **See Exhibit "C" (notice) attached hereto**.

17. As of the filing of this complaint, Plaintiff continues to receive calls demanding payment on this matter.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that the consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Zenith Acquisition Corporation for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

        **Respectfully submitted,**

        **Sarah K. Hall, Esquire**

**Date: August 27, 2010**        **BY:** _/s/ Sarah K. Hall_
        Sarah K. Hall, Esquire

        Sarah K. Hall, Esquire
        156 Cedar Pond Road
        Durham, ME 04222